IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FREEMAN EUGENE JOCKISCH, | ) ) ) |
| Petitioner | ) CRIMINAL NO. 14-025-CG-B ) |
| vs. | ) ) CIVIL NO. 17-566-CG-B |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

## **ORDER**

This matter is before the court on Petitioner Freeman Jockisch's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 80). For the reasons enumerated below, the court finds that the petitioner's motion is due to be **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Freeman Jockisch ("Jockisch"), was convicted of one count of using the Internet to "attempt to persuade, induce, entice, and coerce" a minor "to engage in criminal sexual activity", in violation of 18 U.S.C. § 2422(b). (Doc. 1, 28, 60).

Following his trial, Jockisch was sentenced to 120 months imprisonment. (Doc. 40). Jockisch appealed his conviction and sentence, both of which were affirmed by the Eleventh Circuit Court of Appeals in a published opinion. (Doc. 72).

The relevant facts, as stated by the Eleventh Circuit Court of Appeals are as follows:

> On July 2, 2013, Officer James Morton, posing as a 15-year-old girl named "Sara," posted a personal ad on Craigslist's "casual encounters" page. The ad, titled "BORED TO TEARS – w4m," [footnote: The abbreviation "w4m" is shorthand for "woman seeking a man."] stated, "I'm bored and everyone is out of the house till Saturday. So you can like hit me [up] or whatever. I may have a friend come over and hang but it aint the same." Within a half hour, Defendant replied to Sara's ad, "SEND ME A PICTURE AND LETS DO IT, OK." Sara responded one minute later, "hey. do you have like a pic 2?" Defendant sent Sara a photo of himself.
>
> Defendant then insisted that Sara send him a photo of herself. Sara initially ignored Defendant's demands. She also told Defendant that her family was out of town for the week and that she was home alone. Sara then sent Defendant a head shot. Defendant asked Sara, "do you want me to make love to you[?]" When Defendant suggested that they meet up, Sara told Defendant that she could not drive because she was only 15 years old. Defendant then told Sara that she is a "pretty lady" and that he would "make her feel goo[d]." Sara asked Defendant how he would make her feel good, and he responded, "by making love to you is that alright[?]"
>
> Defendant e-mailed Sara, again asking how old she was. In the midst of emails discussing possible times to meet up, Sara restated that she was 15 years old. Defendant requested a full-body photo of Sara. She refused, claiming that she did not like the way she looked. A few minutes later, Defendant wrote to Sara, "sugar, i am kind of scared if you are just 15, they will put me under the jail." Defendant and Sara agreed to keep their planned rendezvous a secret, and Sara told Defendant the neighborhood she lived in. Defendant renewed his request for a full-body photo, but Sara refused. The conversation ended.
>
> Again posing as Sara, Officer Morton posted a second Craigslist ad on November 2, 2013. The ad, titled "halloween was lame – w4m," stated "My Halloween was so lame. now my weekend and this week just got boring before it even like starts. There aint nothing to do or anyone who wants to do anything. Bored." Eleven days later, Defendant replied to the ad, "i want to make love to you"; he also provided his phone number.

2

> Defendant and Sara exchanged e-mails. Defendant realized that Sara was the same 15-year-old girl he had been e-mailing in July. Defendant asked if he could visit Sara at her apartment. Citing her mother's presence, Sara declined, but suggested that they meet over the weekend instead.
>
> The two did not communicate for more than a week. Defendant then reinitiated the conversation. Sara provided her cell phone number and Defendant called her. [footnote: Officer Morton's female colleague pretended to be Sara during the phone call.] After the call, Sara e-mailed Defendant her address and Defendant replied, "I AM MY WAY." Police detained Defendant when he arrived at the address Sara provided, and he was later arrested.

(Doc. 72 at 3-5). On December 27, 2017, Jockisch filed the instant petition which raises four claims of ineffective assistance of counsel. (Doc. 80). Specifically, Jockisch claims his trial counsel was ineffective because (1) "Mr. Dean failed to adequately familiarize himself with the charging statute", (2) "he failed to realize that neither the facts nor the evidence was sufficient to support the jury's verdict of guilt (conviction)", and (3) "he failed to raise an obvious error in jurisdiction". (*Id*. at 4, 8, 11). Finally, Jockisch claims his appellate counsel was ineffective because "he failed to recognize and/or failed to raise meaningful errors in the record rather than the sure losers he did raise." (*Id*. at 14). The Government timely filed a response on February 26, 2018, arguing that Jockisch's petition should be denied in its entirety. (Doc. 83, generally). Jockisch timely replied. (Doc. 85). The matter is now ripe for adjudication.

## II. §2255 STANDARD

Habeas relief is an extraordinary remedy which "may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). A defendant who has

3

waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." *Id*. at 164. Unless a claim alleges a lack of jurisdiction or a constitutional error, the scope of collateral attack is extremely limited. *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Jockisch asserts that he was denied effective assistance of counsel because his trial counsel (1) failed to adequately familiarize himself with the charging statute, (2) failed to realize that neither the facts nor the evidence was sufficient to support the jury's verdict of guilt", and (3) failed to raise an obvious error in jurisdiction". (*Id*. at 4, 8, 11). Jockisch additionally claims his appeal counsel was ineffective "because he failed to recognize and/or failed to raise meaningful errors in the record rather than the sure losers he did raise." (*Id*. at 14).

Ineffective assistance of counsel claims are evaluated through the familiar standard promulgated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). A claim of ineffective assistance of counsel can be established upon a showing that the (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant. *Id*. at 687. The alleged errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. In a habeas corpus action, the petitioner carries the burden to establish both *Strickland* prongs. *Lawhorn v. Allen*, 519 F.3d 1272, 1293 (11th Cir.2008) (citing *Atkins v. Singletary*, 965 F.2d 952, 958–59 (11th Cir.1992)). Thus, a petitioner must demonstrate that his counsel's performance "fell below an objective standard of

reasonableness," *Strickland* at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The Court need not address both components of the *Strickland* analysis, if the petitioner makes an insufficient showing on one. *Cox v. McNeil*, 638 F.3d 1356, 1362 (11th Cir. 2011) (citing *Kokal v. Sec'y, Dep't of Corr.*, 623 F.3d 1331, 1344 (11th Cir. 2010)).

## IV. TRIAL COUNSEL CLAIMS

### A. Claim one: Failure to adequately familiarize himself with the charging statute

In his first claim of ineffective assistance of counsel, Jockisch asserts that because his trial counsel "failed to become familiar with the criminal statute, Mr. Jockisch was convicted of no criminal conduct. Thus, counsels [sic] ignorance of law rendered Mr. Jockisch's trial fundamentally unfair." (Doc. 80 at 4). In support of his claim, Jockisch points out that his counsel was unaware of several facts: (1) that the undercover officer enticed Jockisch, not vice versa, and that the communications he had with the undercover officer were initiated by the officer, (2) that the profile information of Sara[1] indicated she was eighteen years old, (3) that Jockisch ceased communications after learning Sara was fifteen years of age, (4) that the second round of communications with Sara were again the result of Officer Morton's placing a new ad with the same profile description, and (5) that Jockisch assumed

---

[1] It is undisputed that 'Sara' was in actuality Officer Morton posing as a fifteen year old female. However, for purposes of this Order, the Court will reference Officer Morton's undercover persona only as Sara.

5

Sara had turned sixteen years old since his first communication with her based on the information she provided to him during their first exchange. (*Id.* at 4-5). Jockisch additionally spends a portion of his time discussing the residual clause of 18 U.S.C. 2422(b). His arguments are difficult to follow, but as a whole, describe that his counsel was ineffective because his unfamiliarity resulted in Jockisch being convicted of a crime under 18 U.S.C. 2422(b) despite the fact that the Alabama law on which it relies, in part, establishes the age of consent as sixteen, the age Jockisch believed Sara to be. (*Id.* at 5-6). The Government counters that Jockisch's first claim of ineffective assistance of counsel is, in reality, a claim that there was insufficient evidence to convict him. (Doc. 83 at 3-11, generally).

Jockisch has not shown that his counsel was deficient. As an initial matter, Jockisch's assertions fail to point to any specific instances in which his counsel was deficient. Instead, Jockisch argues that his counsel was generally unfamiliar with the law which led him to be convicted of a crime for which he is innocent. However, despite his assertions, the record reflects that counsel was in fact aware of the legal requirement that the subject minor be under the age of sixteen in order to sustain a conviction. Specifically, the trial transcript reflects that Jockisch's trial counsel, on multiple occasions, correctly stated that in order for Jockisch to be convicted he must have known that Sara was under sixteen. (Doc. 60 at 26 "that he knew in his mind that this girl was under 16" … "[a]nd they have under Alabama law, which if you're under 16 .."; *Id.* at 220 "…even though in the federal statute 18 makes you a minor, in Alabama it's 16."; *Id.* at 232 "the judge is going to read to you the law in

6

the state of Alabama.. the difference in different crimes if the girl is less that 16. He knows that. And that's why he said 16…").

Jockisch's basis for his counsel insufficient performance is based on his contention that his counsel's "failure to understand the essential elements of the charged offense caused him to forgo the obvious and meaningful defense of showing that not only did Mr. Jockisch indicate he believed 'Sara' to be 16 years of age, but also that 16 years of age is the age of consent in the state of Alabama." (Doc. 85 at 3). Because the record clearly reflects that his counsel was aware of the relevant age requirement and that Jockisch believed Sara to be sixteen, Jockisch cannot show that his counsel was deficient for lack of knowledge of the same.

Furthermore, even if Jockisch had established that his counsel was deficient, in order to succeed on the instant motion, he must also show that such deficiency resulted in prejudice to him. A determination whether Petitioner suffered prejudice "is necessarily dependent on a review of the merits" of the underlying claim. *Cross v. U.S.*, 893 F.2d 1287, at 1290 (11th Cir. 1990). "The relevant question for a reviewing court, in judging the sufficiency of the evidence, is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Suba*, 132 F.3d 662, 671 (11th Cir. 1998) (quoting *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

Jockisch has not met his burden of showing prejudice. 18 U.S.C. 2422(b) criminalizes the enticement of a minor in accordance with state law, in this

7

case the law of Alabama, which requires the minor be under the age of sixteen. The record establishes that the jury was presented with evidence of Jockisch's belief that Sara was sixteen. (*See* Doc. 60 at 73, 72 "uh, I think she said she was 16." … "But I'm thinking, well, if she was 15 then, maybe she's 16 now, you know"). The record additionally shows that regardless of Jockisch's beliefs about age, Sara identified herself as fifteen and Jockisch acknowledged her age as fifteen. (*Id*. at 45, 48-49, 55). Contrary to Jockisch's position that the facts cannot support his conviction, it is evident that the jury heard the evidence on which Jockisch relies and found otherwise. As a result, even if his counsel was unfamiliar with the appropriate state law age requirement, the evidence presented supports that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Accordingly, prejudice has not been established and Jockisch claim of ineffective assistance of counsel fails. Further, because the record conclusively shows that Jockisch is not entitled to relief, no evidentiary hearing is warranted. *See* 28 U.S.C. §2255(b).

### B. Claim Two: Failure to realize that neither the facts nor the evidence was sufficient to support the jury's verdict of guilt

Jockisch's second claim is a recharacterization of his first claim. Regardless of his effort to state his claim differently, claim two – like claim one- is an assertion that his counsel was ineffective because he allowed Jockisch to be prosecuted and convicted of a crime for which he claims to be innocent. In Jockisch's own words, "there exists no factual basis to support the jury's verdict of guilt to the charged

8

offense." (Doc. 80 at 8). In his reply, Jockisch attempts to separate his second claim by stating as follows:

> Mr. Jockisch naively drafted motion raises a growing rational concern as to when a reverse sting operation goes too far. How many times can the government tempt the same person before predisposition becomes inhibition or prudence deconditioning. The question is particularly significant here, since the six month lapse created a high probability that the delay converted an illegal act into a legal act. Of course the biologic bright line is itself irrational, but the constitution gives congress discretion to choose an efficient, if unscientific, demarcation for prohibited conduct.

(Doc. 85 at 6). Again, Jockisch's argument relies on his position that his "belief" as to Sara's age renders him innocent. However, because the record is clear that evidence as to Sara's stated age and Jockisch's assumption as to her age were presented to a jury, Jockisch's second claim fails for all of the reasons his first claim fails as stated hereinabove. Likewise, no evidentiary hearing is warranted. *See* 28 U.S.C. §2255(b).

**C. Claim Three: Failure to raise an error in jurisdiction**

Jockisch asserts that his trial counsel was ineffective because he did not challenge federal jurisdiction based on the Government's failure to provide evidence of Jockisch's use of interstate commerce, a required element of his offense. (Doc. 80 at 11-12). In response, the Government has cited binding authority that establishes that use of the internet is a facility of interstate commerce as a matter of law. (Doc. 83 at 11-12). In his reply, Jockisch concedes the Government's position and withdraws this claim. (Doc. 85 at 6). Accordingly, this claim is due to be denied as a matter of law.

9

## V. APPEAL COUNSEL CLAIMS

Jockisch's fourth and final claim is that "Appellate counsel, Richard Shields, was ineffective because he failed to recognize and/or failed to raise the meaningful errors in the record rather than the sure losers he did raise." (Doc. 80 at 14). Specifically, Jockisch takes issue with the fact that his appeal counsel failed to raise any of the claims that Jockisch now asserts in his instant § 2255 motion and instead only raised an issue about jury instructions. (Doc. 80 at 14). In support of his assertion, Jockisch points to the record which reflects that Jockisch's appellate counsel filed a brief as to whether the jury instructions given in Jockisch's case were proper. Unsatisfied with the brief filed, Jockisch filed a supplemental brief which raised three claims: (1) the trial court failed to resolve a contested factual issue relating to the definition of "minor", (2) that the age Jockisch believed Sara to be was a critical element of the charged offense, not determined by the jury, and (3) that 18 U.S.C. § 2422(b) is unconstitutionally vague. (Doc. 85 at 6-7). Jockisch acknowledges that the appeals court granted oral argument, but he claims that oral argument was granted as to the three claims asserted in *his* supplemental brief, not on the issue raise by appellate counsel. As a result, Jockisch contends that his appellate counsel was also deficient for failing to present oral argument on those three claims. (*Id*. at 7,14- 15). Again, underlying Jockisch's position that appellate counsel was deficient are the same factual allegations that have been discussed with regard to Jockisch's claim of ineffective assistance of counsel of his trial

counsel. Namely, that he believed Sara to be sixteen and, therefore, he did not and could not have violated the law.

The *Strickland* test also applies to claims of ineffective assistance of appellate counsel. Further, in *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), the Supreme Court held that the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue. Effective appellate counsel should " 'winnow out' weaker arguments even though the weaker arguments may be meritorious." *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir.1991) (quoting *Barnes*, 463 U.S. at 751–52). Appellate counsel need not assert every potential claim of error, even if his client urges him to do so, but instead should exercise his professional judgment and select only "the most promising issues for review." *Barnes*, 463 U.S. at 752.

Jockisch's claim of deficient counsel on appeal is without merit. First, regardless of Jockisch's claim that the claims raised by appellate counsel on appeal were "sure losers", he fails to provide any support that raising such a claim was deficient. Moreover, the record contradicts Jockisch's position as it reflects that the claim raised by his appellate counsel resulted in an oral argument and a lengthy opinion from the Eleventh Circuit indicating the claim warranted attention. (*See* Doc. 72).[2] The fact that appellate counsel did not prevail does not render his

---

[2] This Court appreciates Jockisch's position that oral argument was granted based on Jockish's supplemental brief and not the brief filed by appellate counsel. However, the opinion issued by the Eleventh Circuit clearly analyzes the arguments raised by appellate counsel.

11

counsel deficient. Second, to the extent that Jockisch claims ineffectiveness based solely on those claims that were not raised, there is a complete lack of support that those claims had merit. Moreover, even if Jockisch demonstrated that his counsel was ineffective on appeal - which he has not - he has additionally failed to show that such insufficiency resulted in prejudice to him. As stated above, a determination whether Petitioner suffered prejudice "is necessarily dependent on a review of the merits" of the underlying claim. *Cross v. U.S.*, 893 F.2d 1287, at 1290 (11th Cir. 1990). "The relevant question for a reviewing court, in judging the sufficiency of the evidence, is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *United States v. Suba*, 132 F.3d 662, 671 (11th Cir. 1998) (quoting *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

As discussed hereinabove, the record reflects that all of the facts on which Jockisch relies to support his contention that he 'believed Sara was sixteen (of legal age) and, therefore, could not have been convicted, were presented to the jury. It is additionally evident that Jockisch's trial counsel argued, as Jockisch does now, that his belief as to Sara's age was a defense to his crime. Again, however, the record establishes that there were facts presented to the jury which supported that Sara indicated she was fifteen and that Jockisch acknowledged her age as fifteen. (Doc. 60 at 45, 48-49, 55). As a result, Jockisch has failed to demonstrate that his appellate counsel was deficient for failing to raise those same claims – which are

meritless – on appeal.  *See e.g. Ladd v. Jones*, 864 F.2d 108 (11th Cir. 1989).

Lastly, to the extent that Jockisch contends that his appellate counsel was deficient for failing to raise other claims which are not based on the above facts, i.e., that 18 U.S.C. § 2422(b) is unconstitutionally vague, Jockisch has not presented any support for his assertion such that his counsel could be found deficient for his alleged failure, much less that the failure resulted in prejudice to Jockisch.  As a result, Jockisch is not entitled to § 2255 relief with respect to this ground and no evidentiary hearing is warranted.  *See* 28 U.S.C. §2255(b).

## VI. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 18 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").  "A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)).  However, "a COA does not require a showing that the appeal will succeed." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Where, as here, the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*,

13

529 U.S. 473, 484 (2000). *See also Miller-El*, 537 U.S. at 336 ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted). Upon consideration, the undersigned **DENIES** issuance of a certificate of appealability in this action. Jockisch has not made a substantial showing of the denial of a constitutional right, and he has presented no constitutional claim for which "reasonable jurists would find [this] court's assessment…debatable or wrong." *Slack*, 529 U.S. at 484.

## VII. Appeal In Forma Pauperis

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000).

14

*See also Weaver v. Patterson*, Civ. A. No. 11-00152-WS-N, 2012 WL 2568218, at *7 (S.D. Ala. June 19, 2012) (Nelson, M.J.), *report and recommendation adopted*, Civ. A. No. 11-00152-WS-N, 2012 WL 2568093 (S.D. Ala. July 3, 2012) (Steele, C.J.) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed. R. App. P. 24(a)(3)(A); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); *DeSantis v. United Techs, Corp.*, 15 F. Supp. 2d 1285, 1288–89 (M.D. Fla. 1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous'). An appeal filed *in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless.' *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)."). *But see, e.g., United States v. McCray*, No. 4:07CR20-RH, 2012 WL 1155471, at *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.").

Considering the foregoing analysis, the undersigned **CERTIFIES** that any appeal by Jockisch in this action would be without merit and therefore not taken in

good faith and, accordingly, finds that Jockisch is not entitled to appeal *in forma pauperis*.

## VIII. CONCLUSION

Jockisch's motion to vacate is **DENIED**.

**DONE** and **ORDERED** this 23rd day of May, 2019.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE