[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14007
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00025-CG-B-1

UNITED STATES OF AMERICA,

                                                                     Plaintiff-Appellee,

versus

FREEMAN EUGENE JOCKISCH,

                                                                     Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(September 30, 2021)

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

    Seven years ago, Freeman Jockisch was convicted of coercion and enticement of a minor under 18 U.S.C. § 2422(b) and sentenced to 120 months in

prison. After serving just over six years of his sentence, Jockisch filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Jockisch, by then 75 years old, argued that his age and medical conditions made prison unacceptably dangerous for him given the onset of the COVID-19 pandemic.

The district court denied Jockisch's motion. While the court agreed that Jockisch's age and health problems "may make him eligible for compassionate release" in light of the pandemic, it concluded that "a consideration of the relevant § 3553(a) factors supports a denial of Jockisch's release." After an unsuccessful motion for reconsideration, Jockisch now appeals, arguing that the district court abused its discretion by improperly weighing the relevant factors and that the denial of his motion should be reversed.[1]

To rule on a motion for compassionate release, a district court must determine whether a movant has offered "extraordinary and compelling reasons" for release and consider the policy statement outlined in § 1B1.13 of the federal sentencing guidelines along with "all applicable § 3553(a) factors." *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021) (quotation omitted). We review a

---

[1] Jockisch also attaches a copy of his motion for reconsideration to his brief on appeal, but we lack jurisdiction to consider the district court's denial of that motion because Jockisch filed his notice of appeal before the district court's ruling and has not since amended it. *See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998); Fed. R. App. P. 3(c). We thus consider only the district court's denial of Jockisch's § 3582(c)(1)(A) motion.

district court's denial of a § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

We find no such abuse here. The district court clearly considered Jockisch's arguments that he had "made substantial rehabilitation efforts while incarcerated" and presented "a low risk of recidivism due to his age." But it found that "the seriousness of his offense and the length of time in which he has been imprisoned" outweighed those factors, and that early release would "fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public." This reasoning reflects adequate consideration of the § 3553(a) factors relevant to compassionate release in this case.

Jockisch contends that the court improperly ignored two statutory factors—the kinds of sentences available and the need to avoid unwarranted sentencing disparities among similarly situated defendants. But we have never demanded that a district court "state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013) (quotation omitted). Instead, we require only "enough information to satisfy the reviewing court of the fact that it

has considered the parties' arguments and has a reasoned basis for making its decision." *Id.* We are satisfied that the district court has done so here.[2]

Because the district court did not abuse its discretion, we **AFFIRM** its order denying compassionate release.

---

[2] Jockisch also argues that the court failed to consider the Sentencing Commission's policy statement found at U.S.S.G. § 1B1.13 cmt. 1(A)–(D), which discusses "extraordinary and compelling reasons" allowing for release. But the court clearly considered that statement in acknowledging that Jockisch's age and health might qualify him for release.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 30, 2021

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 20-14007-GG
Case Style: USA v. Freeman Jockisch
District Court Docket No: 1:14-cr-00025-CG-B-1

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joseph Caruso, GG

at (404) 335-6177.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion